IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.     Case No: 3:97cr130/RV
        3:05cv140/RV/MD

HAROLD DENSON

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (doc. 131).  This motion is not on the proper form as required by the Local Rules.  However, requiring amendment would be futile, as the motion is subject to summary dismissal.  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  After a review of the record, it is the apparent that the motion is successive and that it should be summarily dismissed.

I. BACKGROUND

Defendant pleaded guilty to conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base on a date certain and on April 21, 1999 was sentenced to a term of life imprisonment.  He did not file a timely direct appeal, but filed several motions or pleadings after his sentencing,

including a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 93), which was denied as untimely.  (Doc. 109, 110).  In the instant motion, defendant purports to raise the "jurisdictional" issue that his sentence was unconstitutional because facts used to increase his sentence were not found by a jury beyond a reasonable doubt.

## II.  LEGAL ANALYSIS

A second or successive motion for § 2255 relief must be certified by the court of appeals upon motion to that court by the applicant.  28 U.S.C. § 2244(b)(3) and § 2255; *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).  Defendant's motion must be dismissed, as the record does not reflect that he has either sought or obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive motion. *See, In re Joshua*, 224 F. 3d 1281, 1283 (11th Cir. 2000); *Medina v. Singletary*, 960 F.Supp. 275 (M.D. Fla 1997).[1]

---

[1] The court also notes that the defendant's motion is facially untimely. Defendant's prior § 2255 motion was dismissed as untimely, and despite defendant's attempt to couch his claims as "jurisdictional" issues, so that he may escape the time bar, this is not an accurate characterization.  And even if it were, this does not allow him to circumvent the ban on second or successive motions absent authorization from the appropriate appellate court.

*Case No: 3:97cr130/RV; 3:05cv140/RV/MD*

**Based on the foregoing, it is respectfully RECOMMENDED:**

**The motion to vacate, set aside or correct sentence pursuant to 18 U.S.C. § 2255 (doc. 131) be summarily DISMISSED as successive.**

**At Pensacola, Florida, this 21st day of April, 2005.**

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636; Local Rule 27(B);** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**